LAW OFFICES OF
# **LONDON & ROBIN**

IRA D. LONDON (ret.)
AVROM ROBIN



99 PARK AVENUE
SUITE 2600
NEW YORK, NEW YORK 10016
TEL: 212-683-8000
FAX: 212-683-9422
EMAIL: iradlondon@aol.com
avrom@mindspring.com

VIA ECF and EMAIL

April 29, 2022

The Honorable Lewis A. Kaplan
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: United States v. Neil Lizardi
         15 CR 334 (LAK)

Dear Judge Kaplan:

  I write regarding my client Neil Lizardi, to request early termination of supervised release, pursuant to 18 U.S.C. § 3583(e).

### BACKGROUND

  On November 20, 2018 the Court sentenced Mr. Lizardi to time served and five years of supervised release, after pleading guilty in this drug conspiracy/gun possession case. Mr. Lizardi had served about 30 months in custody.

  On or about November 28, 2018 Mr. Lizardi's supervised release term began, after a New York State probation hold was lifted and he was released from custody. His term of supervised release will expire on or about November 27, 2023.

  Up to the present date, Mr. Lizardi has served three years and five months of his supervised release term, or about 65% of his five year term, without any violations or incidents of any kind.

  Mr. Lizardi is now 45 years old and still living in the Bronx, New York. He lives there with his wife and two daughters, one age 7 and one age 2. His wife is a full - time employee of Verizon where she has worked for 24 years.

Honorable Lewis A. Kaplan
April 29, 2022
Page 2 of 4

Mr. Lizardi has spent his post release time productively. In January 2019 Mr. Lizardi bought his first residential property in the Bronx, fixed it up himself and then sold it in May of 2021. His wife did a "cash out" refinance on a home she owned and lent Mr. Lizardi the money to get started on this project. In November 2021 he bought a single family home in Putnam County, fixed that up, and sold it in the middle of April, 2022. He is now searching for another suitable "fixer upper."

Mr. Lizardi is also working as a manager of two multi-family properties that he owns in the Bronx.

U.S. Probation has been aware since the beginning of his supervision of Mr. Lizardi's work as described above.

Mr. Lizardi is on low intensity supervision, checking in periodically as directed via email with his probation officer.

Mr. Lizardi is presently reporting to USPO Zondra Jackson in the SDNY. Ms. Jackson told me in a phone call on March 28, 2022, that her office agrees to early termination is appropriate here because "he is compliant, we have no issues with him."

### STATUTORY AND CASE LAW BASIS FOR THIS REQUEST

18 U.S.C. § 3583, Inclusion of a term of supervised release after imprisonment, provides in applicable part:

> (e) Modification of conditions or revocation. - The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7),
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice(.)

Case 1:15-cr-00334-LAK   Document 201   Filed 05/04/22   Page 3 of 4
Case 1:15-cr-00334-LAK   Document 199   Filed 04/29/22   Page 3 of 4

Honorable Lewis A. Kaplan
April 29, 2022
Page 3 of 4

Federal Rule of Criminal Procedure Rule 32.1 Revoking or Modifying Probation or Supervised Release provides in applicable part:

(c) Modification.

(1) In General. Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.

(2) Exceptions: A hearing is not required if:

(A) the person waives the hearing; or

(B) the relief sought is favorable to the person and does not extend their term of probation or supervised release; and

(C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

"Interest(s) of justice" is defined as "The proper view of what is fair and right in a matter in which the decision-maker has been granted discretion." This definition dates to the 17th century. *Black's Law Dictionary,* 11th Edition, Thomson Reuters, 2019.

The case law in the 2nd Circuit is quite clear on this subject and supports early termination when it is appropriate.

District Court Judges have recognized that early termination is appropriate in some cases. For example, in *United States v. Trotter*, 321 F. Supp. 3d 337 (E.D.N.Y. 2018), 2018 U.S. Dist. LEXIS 111946; 2018 WL 3321426, District Judge Jack B. Weinstein noted that the Eastern District Probation Office recommends early termination where warranted, because the resources of the probation department are limited, and should be focused where needed. *Id.* at 340.

The 2nd Circuit has held, "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); see also United States v. Scheckley, 129 F.3d 114 (2d Cir. 1997).*

The Office of Probation and Pretrial Services, Administrative Office of the U.S. Courts, in a 2013 article entitled *Early Termination of Supervision: No Compromise to Community Safety*, stated "early termination is a practice that holds promise as a positive incentive for persons under supervision and as a measure to contain costs in the judiciary without compromising the mission of public safety." *See,* https://www.uscourts.gov/federal-probation-journal/2013/09/early-termination-supervision-no-compromise-community-safety

Honorable Lewis A. Kaplan
April 29, 2022
Page 4 of 4

## CONCLUSION

I submit that based on Mr. Lizardi's changed circumstances since his sentence and three years and five months of unbroken good behavior on supervised release that he meets the required standards for early termination.

Mr. Lizardi's conduct and personal development since his release from custody justify early termination. No purpose is served by further supervision. The interests of justice, and the efficient use of probation department resources, also support this request.

Respectfully submitted,

AVROM ROBIN

C:   A.U.S.A. Robert W. Allen          (via ECF and email)
     U.S.P.O. Zondra Jackson           (via email)

Granted

SO ORDERED

LEWIS A. KAPLAN, USDJ

5/4/22